UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JULIUS OMAR ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00640-JPH-MG |
| ) | |
| WARDEN, et al. ) | |
| ) | |
| Respondents. ) | |

**ORDER DENYING MOTION TO DISMISS AND
ALLOWING OPPORTUNITY TO FILE AMENDED RESPONSE**

Julius Omar Robinson is a federal prisoner who has been convicted of two murders and sentenced to death. He has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising a number of claims based on the Constitution and international law.

The respondent filed a combined motion to dismiss and response to the amended petition. Dkt. 15. In it, the respondent argues that most of Mr. Robinson's claims are barred by 28 U.S.C. § 2255(e), commonly referred to as the "savings clause," and that the remaining claim is without merit. Respondent does not, however, address Mr. Robinson's argument that the savings clause does not apply on a claim-by-claim basis. Dkt. 4 at 161 (arguing that § 2255(e) "refers to 'an application for writ of habeas corpus' not individual claims within an application for writ of habeas corpus"). This is a critical issue because if the Court were to conclude that Mr. Robinson is correct, it would then consider all the claims raised in Mr. Robinson's amended petition.

1

Mr. Robinson argues that the respondent waived any objection to his "whole-application" reading of § 2255(e) because it was not raised in its motion to dismiss. Dkt. 21 at 28–29. While the respondent may have forfeited that argument, a party's failure to raise an issue or argument doesn't constitute waiver. *See Henry v. Hulett*, 969 F.3d 769, 786 (7th Cir. 2020) (en banc) ("Whereas waiver is the 'intentional relinquishment or abandonment of a known right,' forfeiture is the mere failure to raise a timely argument, due to either inadvertence, neglect, or oversight." (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Moreover, the question of whether § 2255(e) applies on a claim-by-claim or whole-application basis is an important question of statutory interpretation that is likely to recur. *See Saxon v. Sw. Airlines Co.*, 993 F.3d 492, 496 (7th Cir. 2021) (exercising discretion to address an "important and recurring question of statutory interpretation," even if it was waived in the district court).

Questions relating to § 2255(e) regularly arise in death penalty litigation when courts are often required to quickly decide novel and complicated legal questions. No execution date has been set for Mr. Robinson so there is no urgency at this time. But not addressing the issue at this time creates the risk that a court in the future would have to decide the question on an expedited basis. Considering this risk, the better path is to address this purely legal question at this time rather than defer.

The motion to dismiss, dkt. [15], is **DENIED**. The Court will allow the respondent, however, to file an amended response to Mr. Robinson's amended petition. The amended response, if filed, will completely replace the current

response. It should therefore set forth all arguments—merits, savings clause, abuse of the writ, and any other—that the respondent wishes to present in this litigation.

The respondent shall have **60 days from the entry of this Order** to file an amended response. Mr. Robinson shall have **30 days from the docketing of the amended response to file a reply**.

**SO ORDERED.**

Date: 1/10/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jonathan C. Aminoff
OFFICE OF THE FEDERAL PUBLIC DEFENDER
jonathan_aminoff@fd.org

Celeste Bacchi
FEDERAL PUBLIC DEFENDER
celeste_bacchi@fd.org

Jonathan Glen Bradshaw
DEPARTMENT OF JUSTICE
jonathan.bradshaw@usdoj.gov