IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JULIUS OMAR ROBINSON,<br><br>                    Petitioner<br><br>        v.<br><br>T.J. WATSON, WARDEN,<br>FEDERAL CORRECTIONAL<br>COMPLEX (FCC) TERRE HAUTE;<br>UNITED STATES OF AMERICA,<br><br>                    Respondents. | **CAPITAL CASE**<br><br>Case No. 20-cv-00640-JPH-DLP |

---

## NOTICE OF SUPPLEMENTAL AUTHORITY

---

CUAUHTEMOC ORTEGA (No. 257443)
Federal Public Defender
JONATHAN C. AMINOFF
(Cal. Bar No. 259290)
(E-Mail: jonathan_aminoff@fd.org)
MICHAEL B. PETERSEN
(Cal. Bar No. 311729)
(E-Mail: michael_petersen@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender
321 East Second Street
Los Angeles, California 90012
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081
Attorneys for Petitioner

Attorneys for Petitioner
**JULIUS OMAR ROBINSON**

## NOTICE OF SUPPLEMENTAL AUTHORITY

Petitioner, by and through undersigned counsel, respectfully submits this Notice of Supplemental Authority regarding the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. __, 2023 WL 4110233 (June 22, 2023) and its impact on a court's ability to adjudicate a habeas petition filed pursuant to 28 U.S.C. § 2241. In *Jones*, Petitioner Jones sought to benefit from a change in the law regarding statutory interpretation that effectively invalidated his criminal conviction. The change in the law, however, did not arise until after the inmate's conviction was final and his motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255 had been denied. Jones sought to litigate the issue under section 2241, arguing that relief was ineffective or inadequate under section 2255(e) because he could not meet section 2255(h)'s rigorous standard regarding second or successive motions.

The Court held that section 2255(e)'s "saving clause" is not satisfied simply because section 2255(h) bars a second 2255 motion based on a change in statutory interpretation, and therefore *Jones* was barred from raising the claim under section 2241. *Jones* abrogates the Seventh Circuit's holding in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), which is cited in Robinson's amended petition at pages 7, 14, 30, and 147. Although *Jones* limits the availability of section 2241 relief, it has no impact on the case at bar because Robinson's claims do not rely exclusively on changes in statutory

2

interpretation.   Further, *Jones* has no impact on the non-claim specific arguments Robinson made with respect to the limitations on section 2255 litigation in the Fifth Circuit (dkt. 4 at 7-21).

In Claim 1 (dkt. 4 at 21-36), Robinson established that the government failed to indict him for a capital offense in violation of the Fifth Amendment, thereby depriving the trial court of jurisdiction over the death-eligible charges. In *Jones*, the Court rejected Jones' argument that barring his petition would violate the Suspension Clause because his substantive claims did not challenge the trial court's jurisdiction. *Jones*, 2023 WL 4110233 at *10.  Robinson's claim is distinguished on the basis of the jurisdictional challenge, and the Suspension Clause carveout permits his claim to go forward.

In Claim 2 (dkt 4. at 36-74), Robinson establishes his entitlement to relief based on a Sixth Amendment violation of his right to effective assistance of counsel.  Robinson's claim hinges on newly discovered evidence, not a change in statutory interpretation.  As such, this claim satisfies the saving clause in the same manner as the Seventh Circuit found in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), not *Davenport,* and therefore *Jones* does not affect this Court's analysis.

In Claims 3 (dkt. 4 at 74-91) and 4 (dkt 4 at 91-153), also Sixth Amendment claims, Robinson meets the saving clause based on the manner in

which the Fifth Circuit adjudicated the claim (dkt. 4 at 7-20) and the other claims in the petition (dkt. 4 at 154), not a change in statutory interpretation.

Finally Claim 5 is based on an intervening decision of the Inter-American Commission on Human Rights, which the Seventh Circuit has previously found satisfies the saving clause. *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001). *Jones* did not overrule *Garza*, and therefore *Garza* remains binding precedent in this circuit.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 13, 2023  By:    */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
MICHAEL B. PETERSEN
Deputy Federal Public Defenders

Attorneys for Petitioner
JULIUS OMAR ROBINSON

4