UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JULIUS OMAR ROBINSON,         )
                                   )
          Petitioner,     )
                                   )
          v.            )     No. 2:20-cv-00640-JPH-MG
                                   )
WARDEN USP-Terre Haute,    )
UNITED STATES OF AMERICA,  )
                                   )
         Respondents.   )

**ORDER GRANTING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Julius Robinson filed a motion for leave to proceed *in forma pauperis* to challenge the denial of his § 2241 habeas corpus petition on November 8, 2024. Dkt. 38. The Court directed Mr. Robinson to pay the filing fee or submit a copy of his trust account statement for the six months preceding the filing of his notice of appeal, citing 28 U.S.C. § 1915(a)(2). Dkt. 42.

Mr. Robinson has filed a response in which he argues that the Prison Litigation Reform Act ("PLRA") does not apply to habeas petitions and, therefore, he is not required to comply with the provisions of § 1915. Dkt. 43 at 2–4. Upon consideration of Mr. Robinson's motion and the fact that this Court previously permitted him to proceed *in forma pauperis*, the Court will not compel Mr. Robinson to provide a copy of his trust account statement. *See Walker v. O'Brien*, 216 F.3d 626, 638 n.5 (7th Cir. 2000) (directing clerk of district court "to stop using the procedure outlined in 28 U.S.C. § 1915(b)(2) to

1

collect unpaid portions of filing fees owed by prisoners in habeas corpus actions"); *but see also United States v. Campbell*, 294 F.3d 824, 827–28 (7th Cir. 2002) (in a § 2255 proceeding, concluding that district court should have used the procedures outlined in § 1915(b)(1),(2) to determine whether appellant should be assessed an initial partial filing fee); *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) (directing habeas petitioner to file a motion to proceed on appeal *in forma pauperis* that "demonstrat[es] that he cannot pay the fees and that the appeal is not frivolous").

Before granting the motion, the Court still must determine whether the appeal is brought in good faith. *Thomas*, 712 F.3d at 1005 (concluding that § 1915(a)(3) applies to habeas petitioners). An appeal taken in bad faith "has been understood to mean objective frivolousness." *Id.* The Court denied Mr. Robinson's petition for lack of jurisdiction because it concluded that Mr. Robinson had not satisfied § 2255(e)'s saving clause. Dkt. 34; *see Jones v. Hendrix*, 599 U.S. 465 (2023). Given the lack of Seventh Circuit guidance on the application of *Jones* in the death penalty context, the Court finds that this appeal is not brought in bad faith. Accordingly, the motion for leave to proceed *in forma pauperis*, dkt. [38], is **GRANTED**.

**SO ORDERED.**

Date: 12/9/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

2