# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse Room 2722 - 219 S. Dearborn Street Chicago, Illinois 60604 | | Office of the Clerk Phone: (312) 435-5850 www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

March 12, 2026

To:  Kristine L. Seufert
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute, IN 47807

| | JULIUS O. ROBINSON, |
| | Petitioner - Appellant |
| No. 24-3040 | v. |
| | BRIAN LAMMER, Warden, |
| | Respondent - Appellee |

| **Originating Case Information:** |
| District Court No: 2:20-cv-00640-JPH-MG |
| Southern District of Indiana, Terre Haute Division |
| District Judge James P. Hanlon |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:                    No record to be returned

form name: **c7_Mandate**    (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

December 22, 2025

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*
THOMAS L. KIRSCH II, *Circuit Judge*

|  |  |
|---|---|
| No. 24-3040 | JULIUS O. ROBINSON,<br>          Petitioner - Appellant<br><br>v.<br><br>BRIAN LAMMER, Warden,<br>          Respondent - Appellee |

**Originating Case Information:**

District Court No: 2:20-cv-00640-JPH-MG
Southern District of Indiana, Terre Haute Division
District Judge James P. Hanlon

The judgment of the District Court is **AFFIRMED**, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**     (form ID: **132**)

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 24-3040

JULIUS OMAR ROBINSON,

*Petitioner-Appellant,*

*v.*

BRIAN LAMMER, Warden, USP Terre Haute,

*Respondent-Appellee.*

———————

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:20-cv-00640-JPH-MG — **James Patrick Hanlon**, *Judge*.

———————

SUBMITTED DECEMBER 16, 2025 — DECIDED DECEMBER 22, 2025

———————

Before EASTERBROOK, ST. EVE, and KIRSCH, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Julius Robinson was convicted of murders committed in the course of drug offenses and was sentenced to death. His convictions and sentences were affirmed on appeal. 367 F.3d 278 (5th Cir. 2004). A petition under 28 U.S.C. §2255 was unsuccessful, 2008 U.S. Dist. LEXIS 90879 (N.D. Tex. Nov. 7, 2008), and the Fifth Circuit denied Robinson's request for a certificate of appealability. Robinson's attempt to reopen that decision was treated as a

2                                                    No. 24-3040

request for permission to file a second or successive petition,
which the court of appeals denied. 917 F.3d 856 (5th Cir. 2019).

Robinson next sought relief under 28 U.S.C. §2241 in the
district of confinement, the Southern District of Indiana. (The
prison at Terre Haute holds all federal prisoners under capital
sentences.) He presented five contentions:

> 1. The trial court lacked jurisdiction over the death-eligible of-
> fenses because the superseding indictment did not charge Robin-
> son with a capital offense;
>
> 2. The prosecutor presented false and misleading evidence at the
> penalty trial, and trial counsel was ineffective in failing to chal-
> lenge the false evidence;
>
> 3. Trial counsel was ineffective for failing to object to the prosecu-
> tor's racially motivated peremptory strikes of prospective jurors;
>
> 4. Trial counsel was ineffective at the penalty trial;
>
> 5. Robinson's rights under the American Declaration of the Rights
> and Duties of Man have been violated in multiple ways warrant-
> ing habeas relief with respect to both the guilt and penalty por-
> tions of his trial.

[This language comes from one of Robinson's filings in this
court.] The district court held that none of these five can be
pursued under §2241, given §2255(e): "An application for a
writ of habeas corpus in behalf of a prisoner who is author-
ized to apply for relief by motion pursuant to this section,
shall not be entertained … unless it … appears that the rem-
edy by motion is inadequate or ineffective to test the legality
of his detention." Relying on *Jones v. Hendrix*, 599 U.S. 465
(2023), the judge ruled that §2255 is neither inadequate nor
ineffective and dismissed the petition. 2024 U.S. Dist. LEXIS
176932 (S.D. Ind. Sept. 30, 2024).

No. 24-3040                                                                3

While Robinson's appeal was pending, President Biden commuted his death sentences to life in prison. We deferred action on the appeal to await decision by another panel in a similar case that had already been argued. See *Agofsky v. Baysore*, No. 24-1067 (7th Cir. Nov. 26, 2025). We then asked the parties to file supplemental memoranda addressing the effect of *Agofsky*. Robinson maintains that it has none; the Warden maintains that it is conclusive.

Ever since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended §2255(h) to restrict the filing of multiple motions under §2255, prisoners have been arguing that this change makes §2255 inadequate and permits resort to §2241. Some courts of appeals were persuaded, but the Supreme Court was not. It held in *Jones* that a second or successive collateral attack is permissible only under the circumstances specified by §2255(h), unless the petitioner demonstrates "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court"—for example, when that court has been dissolved. 599 U.S. at 474. *Agofsky* acknowledges that *Jones* supersedes contrary decisions from this circuit and holds that §2255(e) limits district courts' subject-matter jurisdiction.

Robinson was sentenced in the Northern District of Texas. That court still exists and is open to receive petitions under §2255. Robinson has not experienced difficulty seeking relief there. His problem is not inability to litigate but inability to *prevail*—for he lost on direct appeal, under §2255, and in an effort to enjoy a second round under §2255. Indeed, the sort of arguments that Robinson wants to make, and presses in this proceeding under §2241, are regularly heard and resolved on direct appeal or an initial round of collateral review under

4                                                         No. 24-3040

§2255. (We are not suggesting that contentions based on the American Declaration of the Rights and Duties of Man, which the Organization of American States issued in 1948, have any legal status in a federal prosecution, cf. *Medellin v. Texas*, 552 U.S. 491 (2008); *Breard v. Greene*, 523 U.S. 371 (1998), only that these arguments have been available, for whatever they are worth, throughout these proceedings.)

Nonetheless Robinson tells us that §2255(h), *Jones*, and *Agofsky* are irrelevant to his §2241 proceeding because he wants to present new legal arguments about the adequacy of the indictment, which he asserts did not charge a capital offense and therefore (as he sees it) did not charge any offense at all. Any important new evidence or new argumentation takes a case outside §2255(e), according to Robinson.

For this proposition he relies on *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), and *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001). We do not doubt that some language in those decisions favors Robinson, but neither survives *Jones*. The Justices stated:

> Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner … to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause [§2255(e)]. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.

599 U.S. at 480. Only the circumstances specified in *Jones* permit litigation under §2241, and Robinson has not argued that he can prevail under its approach.

Although the substantive argument presented in *Jones* arose from a new statutory decision, the way *Jones* interpreted

No. 24-3040                                                                5

§2255(e) is not limited to novel understandings of old statutes. The holding of *Jones* is that a prisoner's inability to satisfy §2255(h), for whatever reason, does not authorize collateral review under §2241.

True enough, neither *Jones* nor *Agofsky* expressly overrules *Webster* or *Garza*. But they did not need to. *Jones* tells us that inability to satisfy §2255(h) does not authorize resort to §2241, when the sentencing court is open to the prisoner. As we have observed, Robinson does not contend that his current arguments allow more litigation under §2255(h) (or that he has received the Fifth Circuit's permission). To avoid any possibility of confusion, we now make clear that neither *Webster* nor *Garza* can be considered authoritative after *Jones*.

One final subject. Robinson contends that applying §2255(e) to a contention that the trial court lacked jurisdiction would violate the Suspension Clause: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." Art. I §9 cl. 2.

*Jones* rejected an argument that its reading of §2255(e) causes a problem under the Suspension Clause. 599 U.S. at 482–87. The Justices stated that the writ protected by the Suspension Clause is the writ known at the time the Constitution was adopted, rather than as expanded by statutes in later years. We held as much soon after the adoption of §2255(e):

> The writ known in 1789 was the pre-trial contest to the executive's power to hold a person captive, the device that prevents arbitrary detention without trial. The power thus enshrined did not include the ability to reexamine judgments rendered by courts possessing jurisdiction. Under the original practice, "a judgment of conviction rendered by a court of general criminal jurisdiction was

> conclusive proof that confinement was legal … [and] prevented issuance of a writ". …

> "Judgments about the proper scope of the writ are 'normally for Congress to make.'" Any suggestion that the Suspension Clause forbids every contraction of the powers bestowed by Congress in 1885, and expanded by the 1948 and 1966 amendments to §2254, is untenable. The Suspension Clause is not a ratchet.

*Lindh v. Murphy*, 96 F.3d 856, 867–68 (7th Cir. 1996) (en banc) (citations omitted), reversed on other grounds, 521 U.S. 320 (1997).

Robinson tells us that he contests the district court's jurisdiction, but that is not correct. What he wants to do is dispute the sufficiency of the indictment, which is not a jurisdictional matter. See *United States v. Cotton*, 535 U.S. 625 (2002). The Northern District of Texas has jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. §3231. Robinson is not being held without trial. He had every opportunity to argue before trial, at trial, after trial, on direct appeal, and on collateral review under §2255 that the indictment was deficient. The Suspension Clause does not entitle him to any further chances.

AFFIRMED